UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
-------------------------------------------------------X

Loara Sosa,

                Plaintiff,

        -against-

Leigh & Associates, LLC,

                Defendant.

-------------------------------------------------------X

Civil Action No.:_____

**VERIFIED COMPLAINT**

       Now comes Plaintiff Loara Sosa (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Leigh & Associates, LLC (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq*., commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

       The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors

who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3.      Plaintiff is a natural person and a resident of the State of Texas, Travis County.

4.      At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5.       Upon information and belief, Defendant Leigh & Associates, LLC ("Leigh") is a Delaware limited liability company conducting business from offices located at 12672 Limonite Avenue #3E-541 Eastvale, California 92880.

6.      Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7.      Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

8.      Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.      In or around January 2014, Defendant commenced collection activities in an attempt to collect an alleged debt (referred to hereinafter as the "Alleged Debt") from Plaintiff originating from an unknown debt.

10.     Upon information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

11.     On or about January 20, 2014, Defendant placed a telephone call to Plaintiff in an attempt to collect the Alleged Debt.

12.     During said telephone conversation, Plaintiff inquired into origins of the Alleged Debt.

13.     Defendant refused to disclose the origins of the Alleged Debt to Plaintiff.

14.     On or about February 19, 2014, Defendant placed a telephone call to Plaintiff's landlord ("Jeffery") and subsequently left a voicemail on Jeffery's voicemail system.

15.     In said voicemail, Defendant threatened Plaintiff with a lawsuit

16.     Furthermore, Defendant referred to itself as "the firm" while threatening Plaintiff with a lawsuit, thereby implying that it is a law firm.

17.     Defendant further failed to provide the required Mini-Miranda disclosures, that it is a debt collector and that the communication was an attempt to collect a debt.

18.     On or about February 26, 2014, Defendant placed a second telephone call to Plaintiff and left a voicemail on her voicemail system.

19.     In said voicemail, Defendant again threatened Plaintiff with a lawsuit.

20.     Furthermore, Defendant again referred to itself as "the firm" while threatening Plaintiff with a lawsuit, thereby implying that it is a law firm.

21.     Defendant further failed to provide the required Mini-Miranda disclosures, that it is a debt collector and that the communication was an attempt to collect a debt.

22.     Upon information and belief, to date, Plaintiff has not received any written communication from Defendant.

23.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**FIRST CAUSE OF ACTION**
**(Violations of 15 U.S.C §1692g(a))**

24.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25.     Defendant's conduct violated 15 U.S.C. §1692g(a) in that Defendant failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication.

26.     Upon information and belief, to date, Defendant has not sent such a notice to Plaintiff.

27.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e)

28.      Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29.      Defendant's conduct violated 15 U.S.C. §1692e, in that Defendant made false, deceptive, and/or misleading representations to Plaintiff regarding the Alleged Debt.

30.      As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## THIRD CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(5))

31.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32.      Defendant's conduct violated 15 U.S.C. §1692e(5), in that Defendant threatened to take action that cannot be legally taken or that is not intended to be taken when it threatened Plaintiff with a civil suit.

33.      As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## FOURTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(3))

34.      Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35.     Defendant's conduct violated 15 U.S.C. §1692e(3), in that Defendant falsely implied that a communication was from an attorney.

36.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## FIFTH CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692b(2))

37.     Plaintiff repeats, reiterates, and incorporates by reference the allegations contained in paragraphs numbered"1" through "36" above with the same force and effect, as if the same were set forth at length herein.

38.     Defendant's conduct violated 15 U.S.C. §1692b(2) by failing to limit the subject of its conversation with Plaintiff's landlord to Plaintiff's location information, and by stating to a third party that a civil suit would be filed against Plaintiff.

39.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SIXTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(11)

40.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41.     Defendant's conduct violated 15 U.S.C. §1692e(11) in that Defendant failed to provide the required Mini-Miranda disclosures, that it was a debt collector and that the communication was an attempt to collect a debt when it called Plaintiff.

42.    As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f

43.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "42" herein with the same force and effect as if the same were set forth at length herein.

44.    Defendant's conduct violated 15 U.S.C. §1692f in that Defendant used unfair and unconscionable means in attempt to collect a debt by making threats and placing Plaintiff in a state of apprehension.

45.    As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

46.    Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Loara Sosa demands judgment against the Defendant Leigh & Associates, LLC as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

C.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.   For a declaration that the Defendant is subject to the requirements of the FDCPA and its practices, as alleged herein, violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        March 13, 2014

Respectfully submitted,

By: /s Diane C. McDowell, Esq.

Attorney for Plaintiff
Diane C. McDowell, Esq.
Law Office of Diane C. McDowell
181 Rea Ave., Suite 202C
El Cajon, CA 92020
619-758-5081